ROBERT M. TODD *vs.* OLD COLONY AND FALL RIVER RAILROAD COMPANY.

If, in an action brought by a passenger in a railroad car against the railroad company to recover damages for a personal injury from the swinging of an unfastened door of another car standing upon a track parallel to that over which he is riding, it appears from the plaintiff's own testimony that his elbow extended through the open window, beyond the place where the sash would have been if the window had been shut, it is the duty of the court to rule that this is such carelessness as will prevent a recovery of damages by him, and to withdraw the case from the jury.

TORT to recover damages for an injury received by the plaintiff while travelling as a passenger in the defendants' cars.

At the new trial of this case in this court, before *Chapman*, J., after the decision reported in 3 Allen, 18, it appeared by the plaintiff's own testimony that at the time of receiving the injury his left arm was resting on the base of the window frame of the car, the sash being raised, and that his elbow extended outward, beyond the place where the sash would have been if the window had been shut. The plaintiff was injured by a hasp upon the swinging door of a freight car, which struck the plaintiff's arm just above and below the elbow.

The judge ruled that the burden was on the plaintiff to prove that he used due care, and to prove that the defendants were guilty of negligence; that the defendants were bound to use reasonable care adapted to the circumstances of the case; that the means of conveyance employed by them, being instruments of great power and moving with great speed, required an increase of care on their part; and that the same facts required a corresponding increase of care by the plaintiff, when he used such means of conveyance; that passengers in railroad cars are bound to occupy the places provided for their convenience and safety by the carriers, and that it is negligence in them to occupy exposed positions which have not been provided or designed for such occupation; and that the plaintiff was guilty of negligence in placing his arm in the window, so that his elbow extended outwards beyond the window-sash, so as to come in collision with a substance outside the cars; and he directed the

jury to find a verdict for the defendants, which they accordingly did.

The plaintiff's counsel contended that there was evidence from the plaintiff, and from other sources, as to the mode in which the injury was occasioned, the nature and direction of the wounds, the effect produced by the collision, the motion and oscillation of the cars, the position of the freight car, door, &c., which tended to prove that the plaintiff's elbow was inside the sash of the window at the time of the collision, and which should be submitted to the jury; but the judge ruled otherwise.

The plaintiff alleged exceptions.

*J. J. Clarke,* for the plaintiff.

*J. G. Abbott & H. C. Hutchins,* for the defendants.

BIGELOW, C. J.    There was no controversy at the trial concerning the position of the plaintiff's arm.   His own testimony shows that it was resting on the sill of the window of the car, and that a portion of it, when the injury was inflicted, was beyond the sash, so as to be outside of the external surface of the window.   Nor was there any doubt or dispute that if the plaintiff had kept himself entirely within the limits of that part of the car intended for and appropriated to passengers, the accident which occasioned the injury would not have happened.   It was the plaintiff's own act which contributed to the injury.   On these admitted facts, the ruling of the court that the plaintiff was not entitled to recover is fully sustained by the previous decision in this case, 3 Allen, 18, 21, and by the several cases there cited.   The reasons which influenced our minds in setting aside the former verdict, and which are concisely stated by the learned judge as the ground of his ruling at the last trial, on further consideration approve themselves to our most deliberate judgment.

It is a mistake to suppose that, in directing a verdict for the defendants, the legitimate province of the jury was invaded by the court.   Against any such interference we should most scrupulously guard.   A wise and impartial administration of justice, as well as the express provision of the statute, (Gen. Sts. *c.* 115,

§ 5,) require that the decision of controverted questions of fact should be left to the free and unbiassed judgment of jurors. But considerations of this nature have no application to cases like the one at bar. Upon the point on which the case was disposed of by the court, there were no facts in dispute, nor did the court undertake to determine whether evidence was true or false. It was solely on the legal effect of admitted facts that the court pronounced its judgment. On this it was not only the province but the imperative duty of the court to determine. *Gavett* v. *Manchester & Lawrence Railroad,* 16 Gray, *Denny* v. *Williams,* 5 Allen, 1, 5.

*Judgment on the verdict.*